BUDDE'S ADMINISTRATRIX, Plaintiff in Error, *vs.* ALLEN, Defendant in Error.

1. Under the 4th section of article 7 of the practice act of 1849, where an account sued upon, containing more than twenty items, is annexed to the petition and averred to be made a part of it, it seems that the account may be considered as set forth in the petition. At all events, the party should be permitted to verify the account by affidavit at the trial.

*Error to St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*A. P. & P. B. Guresché*, for plaintiff in error.

*Glover & Richardson* and *Burke & Glover*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The question in this case is one that arises under the new code, and it depends alone upon the construction and proper application of the fourth section of the seventh article of the code.

Here is a petition by plaintiff for work and labor and materials furnished for defendant by plaintiff. The petition avers that the particulars of all which, and also the credits thereon, will appear by an account hereto annexed, and made part of this petition.

The account was filed with the petition, and it contained more than twenty items. The petition was properly sworn to. The answer of the defendant denied owing the plaintiff any thing ; denied that the work done or materials furnished, whatever they may be, were by the defendant's order or authority, &c. During the progress of the suit, the plaintiff died, and his administratrix was made a party, and carried on the suit as plaintiff.

On the trial, the plaintiff called a witness to prove the account annexed to the petition ; the defendant objected to the plaintiff's giving any evidence in support of said account, for

the reason that the account was not verified by affidavit, which objection was sustained by the court; plaintiff excepted to the opinion of the court. The plaintiff then moved for leave to amend, by verifying said account by affidavit. The court refused to grant the leave, alleging a want of power to do so, as the provisions of section four, article seven, new code, were intended as a penalty. The plaintiff excepted to this decision of the court, took a nonsuit, with leave to move to set the same aside. The plaintiff afterwards moved to set aside this nonsuit, which motion being denied, the case is brought here by appeal.

The fourth section of article seven, alluded to, is as follows: "It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, when they exceed twenty in number; but if they be not set forth, he shall deliver to the adverse party or file with his pleading, a copy of the account, verified by affidavit, as herein required of petitions and answers; and if not so set forth, filed or delivered, he shall be precluded from giving evidence thereof."

The pleader in this case evidently intended the account to be considered as part of his petition; he annexed it, and by express words makes it a part of his petition, and whether we shall consider it under this special allegation, as forming a part of the petition or not, it very clearly afforded sufficient grounds for the court below to have allowed the plaintiff leave to amend the petition, by verifying the account. Indeed this court is strongly inclined to the opinion that the account in this case, under the peculiar phraseology, ought to have been taken as part of the petition, so as to be considered as verified by the oath of the petitioner. We are aware that it has been held in some cases, that notes or bonds sued on were not part of the petitions in those cases, but these decisions do not preclude the idea that the pleader can make such instruments part of his petition. However this may be, it is the opinion of this court that the court below should have permitted the plaintiff to verify the account at the trial by his affidavit; that the refusal

to permit this, and the nonsuiting the plaintiff, and the overruling of the motion to set aside the nonsuit, are all erroneous rulings of the court below.

The judgment of the Circuit Court is reversed, and this cause is remanded ; the other judges concurring.